**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JENNIFER L. TRANT, : | |
| 4711 W. Braddock Road : | |
| Apt. 20 : | |
| Alexandria, VA 22311 : | |
| : | |
| Plaintiff, : | |
| v. : | Civil Action No.: _____ |
| : | |
| JAMES M. MURRAY : | |
| DIRECTOR, U.S. SECRET SERVICE : | **JURY TRIAL DEMANDED** |
| 245 Murray Lane, SW, Building T5 : | |
| Washington, DC 20223 : | |
| : | |
| CHAD F. WOLF : | |
| SECRETARY, U.S. DEPARTMENT OF : | |
| HOMELAND SECURITY : | |
| 2707 Martin Luther King Jr. Avenue, SE : | |
| Washington, DC 20528-0485 : | |
| : | |
| Serve:  James M. Murray : | |
|   Director (in his official capacity), : | |
|   U.S. Secret Service, or his : | |
|   designated representative : | |
|   Communications Center : | |
|   ATTN: Office of Chief Counsel : | |
|   245 Murray Lane, SW, Building T5 : | |
|   Washington, DC 20223 : | |
| : | |
| Serve: Chad F. Wolf : | |
|   Secretary (in his official capacity), : | |
|   U.S. Department of Homeland Security, : | |
|   or his designated representative : | |
|   ATTN: Office of the General Counsel : | |
|   2707 Martin Luther King Jr. Ave., SE : | |
|   Washington, DC 20528-0485 : | |
| : | |
| Serve: William P. Barr, Attorney General : | |
|   of the United States : | |
|   or his designated representative : | |
|   U.S. Department of Justice : | |
|   950 Pennsylvania Avenue, NW : | |
|   Washington, DC 20530-0001 : | |

Serve: Michael R. Sherwin, Acting U.S.
Attorney for the District of Columbia
*c/o* Civil Process Clerk
555 4th Street, NW
Washington, DC 20530

        Defendants.

## COMPLAINT

Comes now Plaintiff Jennifer L. Trant ("Officer Trant"), through counsel, HANNON LAW GROUP, LLP, and for the Complaint against Defendants states as follows:

## INTRODUCTION

Officer Trant sues Defendants for Unlawful Retaliation and Sex Discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*: to wit, Defendants retaliated against her in the terms and conditions of her employment as a result of Officer Trant's filing of an Equal Employment Opportunity claim and subsequent lawsuit in federal court after Defendants subjected her to months of sexually offensive comments and unwanted sexual touching by a male colleague.

## JURISDICTION AND VENUE

Jurisdiction of this Court is found in 42 U.S.C. § 2000e–16.  Venue is found in 42 U.S.C. § 2000e–5(f)(3).

## PARTIES

1. Officer Trant is a female and has served as an Officer for the United States Secret Service Uniformed Division since 2015. Officer Trant resides in Virginia.

2. Defendant James M. Murray joined the U.S. Secret Service ("the Service") in 1995. On May 1, 2019, he was sworn in as its twenty-sixth director.

3. Defendant Chad F. Wolf is the current Acting Secretary for the U.S. Department of Homeland Security, designated on November 13, 2019.

4. The Service was founded in 1865 as part of the U.S. Department of the Treasury. Since its founding, the scope of the Service's duties has grown beyond its original mission of protecting the Nation's currency. Recognizing its shift in focus to protection of American leaders, on March 1, 2003, the Service joined the newly-created U.S. Department of Homeland Security.

5. The U.S. Department of Homeland Security ("DHS") was founded in the wake of the attacks of September 11, 2001, and was created by the Homeland Security Act in November 2002. The Service is one agency housed within DHS.

## FACTUAL ALLEGATIONS

6. Officer Trant joined the Service's Uniformed Division in April 2015 and received training at the Service's Training Academy.

7. In August 2015, while at the training academy, Officer Trant injured her shoulder. Despite this, she remained on full-duty. Around the end of April or early May of 2016, Officer Trant was diagnosed with a labral tear and underwent surgery.

8. Thereafter, around September 2016, she was assigned on light-duty to the White House Branch Time and Attendance Office ("the TA Office") to assist with a backlog of time that had accumulated under the watch of Captain Larry Shannon Rigsby. Officer Trant was assigned to the TA Office at Captain. Rigsby's request to correct the backlog before the 2018 audit.

**Unlawful Harassment of Officer Trant and Subsequent Initiation of Litigation**

9. In March 2017, Officer Trant began working with Officer Dung "Jackie" Duong in an office shared by Sergeant Edward Kowalski. Officer Duong almost immediately began making sexually offensive comments to Officer Trant.

10. From March 2017 until approximately September 2017, during their sedentary work in the same small room, Officer Duong engaged in a series of harassing and assaultive behaviors which are now the subject of a lawsuit in this district captioned *Jennifer Trant v. James Murray, et al*, Civil Action No. 20-1457 (APM).

11. Since the filing of that complaint, Officer Trant has been the target of further retaliation by management as set out below.

### Officer Trant's Application to Become a Special Agent Denied for Shifting, Implausible, and Pretextual Reasons

12. On March 23, 2017, Officer Trant applied to become a Special Agent pursuant to Job Opportunity Announcement Number SA-NC003-17. As part of the application process, Officer Trant submitted her security clearance information. On June 10, 2017, she completed her security clearance interview. Officer Trant passed the Special Agent Entry Exam, progressed past the meet and greet, participated in the first interview, passed the Security interview, and was given a waiver of the polygraph exam due to the fact she had already undergone a polygraph exam within the prior 3 years. Officer Trant was also informed that her light duty would not affect her conditional offer.

13. After successfully completing the first phase in the Special Agent application process, Officer Trant then received a conditional job offer. On April 11, 2018, during the time the Service was being investigated for her allegation of sexual harassment against Officer Duong, she was notified that her application was "reconsidered." Typically, after such a conditional offer by the Service, an applicant of Officer Trant's experience and education would be selected. It is rare for an applicant who receives a conditional job to be later rejected. Yet, the following day, April 12, 2018, Officer Trant saw that her application showed as "rejected" on

USAjobs. On July 20, 2018, Officer Trant received an email that her application "was no longer being considered."

14. Officer Trant repeatedly sought to discover the reasons why she was rejected. However, she received a series of shifting reasons and rationales. Finally, on June 20, 2018, Officer Trant received an email from Natasha Coulter, Branch Chief of the Uniformed Division Support Branch, Talent and Employee Acquisition Management Division, stating that Officer Trant was rejected for the Special Agent position because she "had not performed all of the duties required of a UD Officer."

15. Officer Trant replied to Karen Waring, Chief of the Special Agent Branch, who had been copied on the previous email sent by Branch Chief Coulter, and explained to Branch Chief Waring that she had completed all duties, received an evaluation of "exceeds expectations" in every category, and received special recognition from the Director for her hard work. Officer Trant also received a commendation for identifying and assisting in the arrest of an Eisenhower Executive Office Building pass holder who was wanted for attempted murder.

16. On August 10, 2018, Officer Trant received an email from Wendy Joe, Division Chief of Uniformed Division Support Branch, Talent and Employee Acquisition Management Division indicating that Branch Chief Waring requested additional information regarding Officer Trant's Special Agent application. Division Chief Joe promised to review the file and get back to Officer Trant by August 24, 2018. Division Chief Joe echoed the pretext first presented by Branch Chief Coulter.

17. On a separate occasion, Officer Trant was informed that she was denied Special Agent training because she had not been on full Uniformed Division duty for a sufficient amount of time. No such requirement exists as a policy or in practice. Officers have transferred and

graduated to Special Agent status with less time in the Uniformed Division than Officer Trant had. Some Officers went directly from the Academy.

18. Further, no one informed Officer Trant of what specific required duties of a Uniformed Division Officer she had not performed.

**Officer Duong's Placement**

19. On July 24, 2018, Officer Trant discovered that Officer Duong, Officer Trant's sexual harasser, was placed on the same post as she. Officer Trant reviewed the schedule to see if she could avoid Officer Duong. Upon reviewing the schedule, she learned that she was assigned to work half of her shift on the same post with Officer Duong -- the very person who had sexually harassed and frightened her for months. Officer Duong was not only placed at the same location, but on the exact post where Officer Trant would have to go to relieve him.

20. The Service could have assigned Officer Duong to work midnight shifts or transferred him to the Vice President Residence or Foreign Missions Branch. Instead, the Service retaliated against Officer Trant instead of exercising their other options to ensure Officer Duong did not have the opportunity to harass Officer Trant.

21. Officer Trant never received an explanation as to why she and Officer Duong were scheduled to work at the same post.

22. The assignment of Officer Duong to her post caused severe stress, anxiety, nightmares, headaches and insomnia.

**Rejection from Counter Surveillance Unit Officer Position**

23. In May 2018, Officer Trant applied to an open vacancy in the Counter Surveillance Unit. She received an excellent recommendation from Captain Ackley. Nonetheless, on July 12, 2018, Officer Trant learned that she was not selected for the position.

Officer Trant was never given a reason as to why she was not selected for the position. Four other applicants were selected, at least one of whom was less experienced than Officer Trant. Officer Trant followed up by asking what she could do to improve for the next opportunity, but received no reply.

### Failure to Respond to Requests for Training

24. On June 29, 2018, Officer Trant emailed Sergeant Matthew Snow to follow up on receiving "Hailstone Training." Hailstone Training is training for Patrol Officers. It involves riding along with Hailstone trained Officers in patrol cars to learn the protocols and day-to-day information needed to successfully patrol. It also consists of working alongside the Sergeant in order to maintain security on the outer perimeters of the White House complex. Sergeant Snow did not reply to Officer Trant's email; however, junior officers to Officer Trant were placed in training and on permanent spots in the Hailstone unit.

25. Previously, while working post at the Southwest Gate, Officer Trant saw Sgt. Snow and mentioned to him she was interested in the Hailstone Training. Sgt. Snow replied, "You're not the type of girl I'm looking for."

26. On July 4, 2018, Sergeant King intervened on Officer Trant's behalf and told Lieutenant April that Officer Trant was interested in Hailstone Training. Officer Trant was finally informed that she would start the training on September 8, 2018, against Sergeant Snow's wishes. Officer Trant completed the Hailstone Training; however, Sergeant Snow made her complete extra training days because he stated he did not feel confident in her abilities.

27. Officer Trant is being unlawfully retaliated against after exercising her right to pursue legal action against the agency for a hostile work environment and sex discrimination. As a result, the Service is thwarting her every opportunity and failing to afford her any advancement

within her career.  Officer Trant has been stymied at each and every step in her pursuit to advance herself within the Service.

28. Officer Trant initiated a pre-Complaint, also known as an informal complaint, regarding these events on August 8, 2018.  Officer Trant filed a formal EEO complaint on October 1, 2018, alleging retaliation.  A report of investigation that resulted from this was completed on March 19, 2019, and found that Officer Tant had stated a *prima facie* case for both sex discrimination and retaliation.

29. Pursuant to 29 C.F.R. § 1614.407, 180 days have passed from the date of filing, and no final decision having been rendered by the Commission, Officer Trant has exhausted the administrative process, and as such has filed the instant Complaint.

## COUNT I:
## UNLAWFUL RETALIATION
## BASED ON PRIOR PROTECTED ACTIVITY
## IN VIOLATION OF 42 U.S.C. § 2000e–3(a)

30. All of the preceding paragraphs and allegations are incorporated herein as if the same were set forth in full in this Count.

31. Officer Trant has exhausted all administrative prerequisites and has fulfilled the jurisdictional requirements for filing a Title VII action for unlawful retaliation.

32. Officer Trant is a member of a protected group based upon her prior protected equal opportunity activity: to wit, Officer Trant filed a formal complaint with the Equal Opportunity Commission, and subsequent federal lawsuit, after being sexually harassed by Officer Duong from March 2017 until approximately November 2017,

33. As a result of her prior protected activity, Officer Trant was scheduled to work with Officer Duong, the Officer who harassed her and frightened her for months, was informed she was no longer considered for a Special Agent position based upon shifting and pretextual

reasons, was not selected for an Officer position within the Counter Surveillance Unit despite her qualifications, and did not receive a response to her email requesting Hailstone Training.

34. All of the abovementioned instances were acts of retaliation due to her prior protected activity. These materially adverse actions were a direct result of Officer Trant's engaging in protected activity. A causal connection exists between Officer Trant's protected activity and the Service's materially adverse actions. This constitutes unlawful retaliation in violation of Title VII, 42 U.S.C. § 2000e–3(a).

## COUNT II:
## SEX DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. § 2000e-2(b).

35. All of the preceding paragraphs and allegations are incorporated herein as if the same were set forth in full in this Count.

36. Officer Trant has exhausted all administrative prerequisites and has fulfilled the jurisdictional requirements for filing a Title VII action for sex discrimination.

37. Officer Trant is a member of a protected class based on her sex.

38. Officer Trant was scheduled to work with Officer Duong, the Officer who harassed her and frightened her for months, was informed she was no longer considered for a Special Agent position based upon shifting and pretextual reasons, was not selected for an Officer position within the Counter Surveillance Unit despite her qualifications, and did not receive a response to her email requesting Hailstone Training.

39. All of the abovementioned instances were adverse employment actions that Officer Trant experienced because of her sex. This constitutes a violation of Title VII, 42 U.S.C. § 2000e–2(b).

**PRAYER FOR RELIEF**

WHEREFORE, Jennifer L. Trant prays for the following relief:

a. Investigation of the USSS Uniformed Division and official punishment of the officers involved in the retaliation, including their removal from the Uniformed Division.

b. Counseling and training of her chain-of-command for their inappropriate actions during this time period.

c. Investigation and discipline, as appropriate, for the actions of her chain-of-command in perpetuating the situation, and retaliating against her for filing an EEOC complaint.

d. Non-pecuniary damages in the amount of $300,000 for pain and suffering.

e. Pecuniary damages in an amount to be determined by a jury.

f. All attorney's fees and costs incurred in pursuing this matter.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury of all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,

HANNON LAW GROUP, LLP

___*s/J. Michael Hannon*
J. Michael Hannon, #352526
333 8th Street NE
Washington, DC 20002
(202) 232-1907
Fax: (202) 232-3704
jhannon@hannonlawgroup.com

*Counsel for Jennifer L. Trant*