UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JENNIFER TRANT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 20-cv-2808 (APM) |
| JAMES M. MURRAY, et al., | ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION & ORDER

Plaintiff Jennifer Trant, an Officer in the United States Secret Service Uniformed Division, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In her two-count Complaint, Plaintiff alleges Defendants[1] discriminated against her on the basis of sex and retaliated against her for engaging in protected activity, when they: (1) scheduled her to work at the same post with her alleged harasser; (2) informed her that she was no longer being considered for hiring as a Special Agent; (3) did not select her for a Counter Surveillance Unit officer position; and (4) failed to respond to an email inquiring about a future training opportunity. *See generally* Compl., ECF No. 1 [hereinafter Compl.]. Pending before the court is Defendants' Motion to Dismiss for failure to state a claim. *See* Defs.' Mot. to Dismiss, ECF No. 8. For the reasons that follow, Defendants' motion is denied.

---

[1] Defendants are James M. Murray, in his official capacity as Director of the U.S. Secret Service, and Alejandro Mayorkas, who is automatically substituted as a defendant in his official capacity as the Secretary of the U.S. Department of Homeland Security under Federal Rule of Civil Procedure 25(d).

I.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  To state a claim for disparate treatment, a plaintiff must plead facts to plausibly establish that:  "(1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." *Chappell-Johnson v. Powell*, 440 F.3d 484, 488 (D.C. Cir. 2006) (internal quotation marks omitted).  A plaintiff seeking to establish retaliation must show:  (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action by her employer; and (3) a causal link connects the protected activity and the adverse action. *See Jones v. Bernanke*, 557 F.3d 670, 677 (D.C. Cir. 2009).  Plaintiff has alleged facts sufficient to satisfy both standards.

II.

Turning first to Plaintiff's discrimination claim, she alleges that she is a member of a protected class (female) and that she suffered a series of adverse employment actions that each give rise to an inference of discrimination on the basis of her sex. *See* Compl. ¶¶ 37, 39.  Because the court finds that Plaintiff has alleged facts sufficient to state a claim as to at least one of the alleged adverse actions—the rejection of Plaintiff's application to become a Special Agent—the court focuses its discussion on that incident.  Plaintiff alleges that she applied to become a Special Agent in March 2017, and after completing the application process, including passing a security clearance interview on June 10, 2017, she received a conditional job offer.  Compl. ¶ 12.  While

her conditional offer was pending, on February 8, 2018, Plaintiff filed a formal Equal Employment Opportunity ("EEO") complaint alleging sexual harassment by a coworker. *See* Mem. of P. & A. in Opp'n to Defs.' Mot. to Dismiss, ECF No. 9 [hereinafter Pl.'s Opp'n], Ex. A, ECF No. 9-1 [hereinafter Pl.'s Ex. A]. Thereafter, on April 11, 2018, Plaintiff says she was notified that her Special Agent application was being "reconsidered," and the next day she was informed that it had been "rejected." Compl. ¶ 13. In July 2018, Plaintiff was informed that her application "was no longer being considered." *Id.*

According to Plaintiff, it is rare for Secret Service officers who receive a conditional offer for a Special Agent position to have that offer rescinded. *Id.* When she inquired several times as to the reason for pulling her offer, she says she "received a series of shifting reasons and rationales." *Id.* ¶ 14. At least two of the rationales she was given—that she "'had not performed all the duties required of a [Uniformed Division] Officer,'" *id.*, and that "she had not been on full Uniformed Division duty for a sufficient amount of time"—were objectively false, according to Plaintiff, *id.* ¶ 17.

The court finds that these allegations, taken as true, are sufficient to survive a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002) (holding that a plaintiff need not plead all elements of a prima facie case to survive a Rule 12(b)(6) motion in the context of Title VII). There is no doubt that Defendants' revocation of Plaintiff's conditional offer constituted an "adverse action." *See Forkkio v. Powell*, 306 F.3d 1127, 1131 (D.C. Cir. 2002) (providing standard). And the D.C. Circuit has held that "shifting and inconsistent justifications" for adverse employment actions, as Plaintiff received here, "'are probative of pretext,'" and thus give rise to an inference of discrimination. *Geleta v. Gray*, 645 F.3d 408, 413 (D.C. Cir. 2011) (quoting *EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 853 (4th Cir. 2001)); *see also Domínguez-*

*Cruz v. Suttle Caribe, Inc.*, 202 F.3d 424, 432 (1st Cir. 2000) ("[W]hen a company, at different times, gives different and arguably inconsistent explanations, a jury may infer that the articulated reasons are pretextual."); *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1167 (6th Cir. 1996) ("An employer's changing rationale for making an adverse employment decision can be evidence of pretext."). Plaintiff need not, as Defendants argue, provide facts about the sex of the employees who were hired for the Special Agent position to state a claim of discrimination. *See Stella v. Mineta*, 284 F.3d 135, 146 (D.C. Cir. 2002).

Plaintiff has similarly alleged facts sufficient to state a retaliation claim. Plaintiff filed her formal EEO complaint on February 8, 2018, and just over two months later, on April 11, 2018, was told that her application for the Special Agent position was being reconsidered. *See* Pl.'s Ex. A; Compl. ¶ 13. The temporal proximity between Plaintiff's statutorily protected activity and the adverse employment action is alone sufficient to infer causation. *See Hamilton v. Geithner*, 666 F.3d 1344, 1357 (D.C. Cir. 2012) ("[T]emporal proximity can [] support an inference of causation . . . where the two events are very close in time."); *see also Bryant v. Pepco*, 730 F. Supp. 2d 25, 31 (D.D.C. 2010) ("Because causation is often the most difficult element to show in advance of discovery, courts generally rely on the length of time between the protected activity and the adverse action to determine whether causation has been sufficiently pled at the motion to dismiss stage."). Taken together with the shifting rationales Plaintiff says she received, *see* Compl. ¶ 14, Plaintiff has alleged facts more than sufficient to survive a motion to dismiss, *see Harris v. D.C. Water and Sewer Auth.*, 791 F.3d 65, 69 (D.C. Cir. 2015) (finding that temporal proximity and disputed rationale for job termination were "certainly enough to survive a motion to dismiss"). At this stage, Plaintiff need not plead that decision-makers had actual knowledge of her protected activity. *See Hamilton*, 666 F.3d at 1358.

Having thus found that Plaintiff has alleged facts sufficient to plead claims of discrimination and retaliation with respect to the revocation of her conditional offer to become a Special Agent, the court need not tackle Plaintiff's other theories of liability. The court can defer their consideration until summary judgment.

### III.

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 8, is hereby denied.

Dated: June 9, 2021

Amit P. Mehta
United States District Court Judge